## In re RICOH CORPORATION, et al., Petitioners.

### No. 88–7694.

United States Court of Appeals, Eleventh Circuit.

April 3, 1989.

Rehearing and Rehearing En Banc Denied May 16, 1989.

Before TJOFLAT, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioners Ricoh Corp. and Ricoh of America, Inc. (Ricoh) seek a writ of mandamus compelling the United States District Court for the Northern District of Alabama to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) (1982).[1] We grant the petition and issue the writ.

## I.

On February 12, 1983, Ricoh entered into a "Copier Products Retail Dealer Sales Agreement" with the Stewart Organization, Inc. (Stewart). Ricoh is a New York corporation that supplies copying machines and related accessories to customers nationwide. Stewart is an Alabama corporation engaged in the selling, renting, and leasing of office products. Section 18 of the sales agreement between Ricoh and Stewart contains a choice of forum clause, which provides as follows:

18.  General Provisions

18.1  Dealer and Ricoh agree that this Agreement, and all documents issued in connection therewith shall be governed by and interpreted in accordance with the laws of the State of New York. Dealer and Ricoh agree that any appropriate state or federal district court located in the Borough of Manhattan, New York City, New York, shall have exclusive jurisdiction over any case or controversy arising under or in connection with this Agreement and shall be a proper forum in which to adjudicate such case or controversy.

Bradley, Arant, Rose & White, Scott M. Phelps, Mac M. Moorer, Birmingham, Ala., for petitioners.

F.A. Flowers, III, Burr & Forman, Birmingham, Ala., for respondent.

1.  28 U.S.C. § 1404(a) (1982) provides as follows:
    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

On September 28, 1984, Stewart filed this suit for damages in the United States District Court for the Northern District of Alabama alleging that Ricoh had breached its contract with Stewart.[2] Pointing to the contract's choice of forum clause, Ricoh moved to dismiss Stewart's action or, alternatively, to transfer the action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The district court subsequently denied Ricoh's motion, holding that Alabama law governed the enforceability of a choice of forum provision and that the clause was not enforceable under Alabama law. On interlocutory appeal, *see* 28 U.S.C. § 1292(b) (1982), this court reversed, holding that federal law governs the enforceability of forum selection clauses and that the clause at issue was enforceable. *See The Stewart Org., Inc. v. Ricoh Corp.*, 779 F.2d 643 (11th Cir.1986).

On rehearing en banc, a divided court affirmed the panel opinion's conclusion that federal law governed the enforceability of the choice of forum clause. *See The Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987) (en banc).[3] On certiorari, the Supreme Court affirmed, concluding that the provisions of 28 U.S.C. § 1404(a), not state law, controlled the enforceability of choice of forum clauses in the federal courts. *See Stewart Org., Inc. v. Ricoh Corp.*, —— U.S. ——, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The Court then remanded the case to allow the district court to consider the enforceability of the parties' choice of forum clause under section 1404(a). *See id.* at ——, 108 S.Ct. at 2245.

On remand, the district court again denied Ricoh's motion to transfer, holding that Ricoh had not met its burden of establishing that the Northern District of Alabama was a less convenient forum than Manhattan. *Stewart Org., Inc. v. Ricoh Corp.*, 696 F.Supp. 583 (N.D.Ala.1988). Ricoh then filed this petition for a writ of mandamus compelling the district court to transfer this case to the Southern District of New York pursuant to section 1404(a).[4]

## II.

■ "For the convenience of parties and witnesses," section 1404(a) allows the district courts to transfer an action to another proper venue if such a transfer will be "in the interest of justice." 28 U.S.C. § 1404(a) (1982). In considering Ricoh's motion under section 1404(a) to transfer this action to the Southern District of New York, the district court looked to see whether Alabama was a convenient forum for the litigation of the parties' dispute. After weighing various factors, the court decided that neither the Manhattan nor the Alabama forum was demonstrably more convenient than the other; the court therefore deferred to the plaintiff Stewart's choice of an Alabama forum:

> Ricoh's evidence does not overcome the presumption in favor of the plaintiffs' choice of forum. Ricoh's evidence, taken in its most favorable light, suggests

---

**2.** To establish subject matter jurisdiction, Stewart invoked the diversity jurisdiction of the district court. *See* 28 U.S.C. § 1332 (1982). In its complaint, Stewart also alleged that Ricoh had violated federal antitrust laws, *see* 15 U.S.C. §§ 1, 14, 15, 26 (1982); Stewart therefore also invoked the district court's jurisdiction under 28 U.S.C. § 1337 (1982) (antitrust offenses).

**3.** The majority followed two distinct analyses. Four judges, in a per curiam opinion, applied the analysis in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), to conclude that federal law governed the enforceability of a contractual choice of forum clause. *See Stewart*, 810 F.2d at 1067. Judge Tjoflat, in a concurrence joined by two other judges, also concluded that federal law governed the dispute,

but found that 28 U.S.C. § 1404(a), not *Hanna*, was controlling. *See id.* at 1071. Judge Godbold wrote a dissenting opinion joined by four other judges, which argued that state law should control the enforceability of the clause. *See id.* at 1076.

**4.** The district court refused to certify its section 1404(a) ruling so to permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1982). Our cases establish that in such circumstances, parties may petition this court for mandamus. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 987 (11th Cir.1982) (holding that mandamus may issue to correct a district court's abuse of discretion in denying transfer under section 1404(a)).

merely a shifting of the convenience and expense by contractual agreement. *Id.* at 591. We conclude that the district court clearly abused its discretion in so holding.[5]

■ The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, Moore's Federal Practice ¶ 0.145[5] (1988). Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. When, however, the parties have entered into a contract containing a valid, reasonable choice of forum provision, the burden of persuasion is altered.

■ In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system. *See Stewart,* — U.S. at —, 108 S.Ct. at 2249 ("[E]nforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.") (Kennedy, J., concurring); *see also Stewart,* 810 F.2d 1066, 1075 (11th Cir.1987) (en banc) ("Where, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, 'the interest of justice' requires that the non-movant be held to its promise.") (Tjoflat, J., concurring). We conclude that

when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.

In so concluding, we adhere to the reasoning advanced by the Supreme Court in its opinion in this case. *See Stewart,* — U.S. —, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In that opinion, the Supreme Court stated that when weighing whether transfer is justified under section 1404(a), a choice of forum clause is "a *significant* factor that figures *centrally* in the District Court's calculus." *Stewart,* — U.S. at —, 108 S.Ct. at 2244 (emphasis added). Thus, while other factors might "conceivably" militate against a transfer, *see id.* at —, 108 S.Ct. at 2244, the clear import of the Court's opinion is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.[6] On remand, therefore, the Court directed the district court to consider "the convenience of a *Manhattan forum* given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum selection clause and the parties' relative bargaining power." *Id.* at —, 108 S.Ct. at 2244 (emphasis added). The district court ignored this mandate, and instead focused on the convenience of an Alabama forum.

Looking to the specific facts of this case, we note that the instant contract was freely and fairly negotiated by experienced business professionals. Moreover, the choice of a Manhattan venue was, and continues to be, entirely reasonable given that Ricoh is a New York corporation and has its main offices in nearby Fairfield, New Jersey. Stewart has neither alleged nor shown the presence of fraud, duress, misrepresentation, or other misconduct that

---

5. In general, the district court has discretion to grant or deny a motion to transfer under section 1404(a). On mandamus, we may reverse the district court's decision only if the court clearly abused its discretion. *See United States v. Fernandez–Toledo,* 737 F.2d 912, 919 (11th Cir.1984).

6. This was made explicit by Justice Kennedy's concurrence, which concluded that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Stewart,* — U.S. at —, 108 S.Ct. at 2250 (Kennedy, J., concurring).

would bar the clause's enforcement. Nor has Stewart demonstrated that because of intervening and unexpected occurrences between the contract's formation and the filing of the suit, the contract's purpose would be frustrated if we were to mandate the transfer of this case to a Manhattan forum. This suit, therefore, does not present the type of "exceptional" situation in which judicial enforcement of a contractual choice of forum clause would be improper. *See Stewart,* —— U.S. ——, 108 S.Ct. at 2250 (Kennedy, J., concurring). The district court clearly abused its discretion in concluding otherwise.

### III.

Petitioner's application for a writ of mandamus is

GRANTED.