**ABC RENTAL SYSTEMS, INC., et al.**

v.

**COLORTYME, INC., et al.**

**No. 6:95 CV 20.**

United States District Court,
E.D. Texas,
Tyler Division.

July 10, 1995.

William D. Sims, Jr., Russell Ray Yager, Vinson & Elkins, Dallas, TX, for plaintiffs.

John A. Koepke, Looper Reed Mark & McGraw, Dallas, TX, for defendants.

HANNAH, District Judge.

CAME ON THIS DAY to be considered Defendant's Motion to Transfer Venue, and upon careful consideration, the court finds the motion should be granted.

### Background

Plaintiffs brought suit against Defendants in the Eastern District of Texas, Tyler Division, alleging, among other things, breach of contract, fraud, civil RICO violations, antitrust violations, violations of the Texas Deceptive Trade Practices Act, and breach of fiduciary duty. Plaintiffs reside in La Place, Louisiana. Defendant, Colortyme, Inc., is a franchisor of rent-to-own furniture, home entertainment and appliance stores. Defendant entered into three separate franchise agreements with Plaintiff ABC Rental Systems, Inc. (hereinafter "ABC") on July 25, 1988, January 17, 1990, and March 1, 1990. The ABC Franchise Agreements each contain a forum selection clause which provides the following:

> The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought **within the State of Texas in the judicial district in which Franchisor has its principal place of business** and hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

In March 1994, Colortyme, Inc. and Colortyme Financial Services, Inc. moved their principal place of business from Henderson County, Texas, (Eastern District of Texas) to Dallas County, Texas (Northern District of Texas). Because Defendants' principal place of business was in Dallas County when this suit was filed, Defendants move to transfer venue according to the forum selection clause provided in the Franchise Agreements to the Northern District of Texas, Dallas Division. Plaintiffs argue that when the Agreements were signed, Defendants' principal place of

business was within the Eastern District of Texas so that venue is proper.

## Analysis

■ Defendants move to transfer this case to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a). To determine whether such a transfer is proper, the court must weigh a number of factors. "The presence of a forum selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). Other factors include, for example, convenience of the forum and the parties' relative bargaining power. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). These clauses will be specifically enforced by this court unless the opposing party can "clearly show that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reason as fraud or overreaching." *Id.* at 15, 92 S.Ct. at 1916. Forum selection clauses may also be unenforceable if enforcement would contravene a strong public policy of the forum where suit is brought, or where trial in the contractual forum would be so difficult or inconvenient that plaintiff, for all practical purposes, would be deprived of its day in court. *Id.* at 15, 18, 92 S.Ct. at 1916, 1917. Plaintiffs bear a "heavy burden of proof" to establish a sufficiently serious inconvenience of the contractual forum. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991).

### 1. *Fraud and Overreaching*

■ Plaintiffs fail to meet their burden of showing either fraud or overreaching. To show overreaching Plaintiffs argue that ABC entered into the franchise agreements through its President and sole shareholder who was unassisted by counsel and who did not understand the meaning of "venue." The fact that Plaintiff was unassisted by counsel at the time the Agreements were signed may indicate lack of diligence on the part of ABC's President but certainly does not indicate overreaching. This is not a situation where an unsophisticated novice entered into an agreement and was taken advantage of by a large, experienced corporation. In *Carnival Cruise Lines*, the plaintiffs were not even business persons, but were bound by a forum selection clause contained in their passenger ticket which was never negotiated and provided on a take-it-or-leave-it basis. Certainly, the case at bar does not present an instance of overreaching. Here, the forum selection clause was written in plain language and printed in the same type as the rest of the contract. No allegations have been made that Defendants made assurances to Plaintiffs that any action arising out of the contract would be litigated near Plaintiffs' residence in Louisiana. Moreover, no attempt was ever made to negotiate this clause of the contract. It would be unduly paternalistic to strike the clause for overreaching.

■ Plaintiffs' claim of fraud is equally unavailing. Plaintiffs make general allegations of fraud with respect to the contractual relationship between the parties but do not allege or show that fraud induced them to agree to the inclusion of the forum selection clause in the contract. *Brock v. Entre Computer Centers, Inc.*, 740 F.Supp. 428 (E.D.Tex.1990).

### 2. *Reasonableness and Convenience*

■ The court begins by noting that enforcement of forum selection clauses encourages parties to honor their contractual obligations, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989), and promotes the use of forum selection clauses to spare time and expense to determine the proper forum. *Carnival Cruise*, 499 U.S. at 594, 111 S.Ct. at 1527. In addition to the existence of a forum selection clause, courts will also consider the convenience of the forum and the parties' relative bargaining power. Convenience of the forum is not a determining factor in this case because the Northern District and Eastern District are equally convenient or inconvenient. Moreover, the Northern District of Texas is not that far from the Eastern Dis-

trict of Texas and does not pose the same concerns as would a transfer to a venue of a foreign country. The court also finds that the relative bargaining power of the parties was not so disparate to warrant voiding the forum selection clause.

 The court disagrees with the analysis of *Box v. Ameritrust Texas, N.A.,* 810 F.Supp. 776 (E.D.Tex.1992). Although a plaintiff's choice of forum is traditionally accorded deference, that deference is inappropriate where the plaintiff has already contractually chosen the venue via a forum selection clause. *See, e.g., In re Ricoh Corp.,* 870 F.2d 570 (11th Cir.1989). The forum selection clause is enforceable.

◼ Now that the court has determined that the forum selection clause will be enforced, it becomes necessary to interpret the meaning of "principal place of business". Does the phrase refer to the principal place of business at the time the Agreements were signed or does the phrase refer to the principal place of business at the time suit is brought? Research reveals no cases on point. The court concludes that the correct interpretation is: principal place of business at the time suit is brought. The raison d'etre of forum selection clauses is to minimize the disruption of litigation when defendant/franchisors become involved with franchisees throughout the country. It is entirely appropriate for a company which does business in many jurisdictions to use a forum selection clause in its contracts to limit the venues in which it can be sued. With this in mind, certainly it was the intent of the parties who signed the Agreements that any litigation arising out of the Agreements would occur in Defendants' principal place of business at the time suit is filed. A forum selection clause would be nonsensical if it required the parties to litigate a claim in venue with little or no relation to either party. Plaintiffs previously argued that the President of ABC did not know the meaning of "venue" in the forum selection clause; now Plaintiffs cannot claim that they had any reason to believe their claim would be litigated within the Eastern District of Texas. Because Defendants' principal place of business is within the Northern District of Texas,

Dallas Division, at the time suit was filed, the matter will be transferred to the proper venue.

All pending motions not ruled upon are carried with the case. It is

ORDERED that Defendants' Motion to Transfer Venue be GRANTED and that this action be transferred to the United States District Court for the Northern District of Texas, Dallas Division. It is further

ORDERED that the Clerk of this Court is directed to certify the papers on file with this court, including this Court's docket sheet, and to transfer such papers to the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, and also disburse from the registry of this court, the sums placed in such registry by the Plaintiffs in this matter, and pay over such sums to the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, for deposit therein.