**Burton WOODWORKS, A DIVISION OF MHJ GROUP, INC., Plaintiff,**

v.

**TYLER MACHINERY CO., INC., et al., Defendants,**

v.

**BROOKS MACHINERY, INC., Defendant.**

Civ. A. No. 94–D–1304–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 30, 1995.

1995, the aforementioned defendants filed a motion to strike portions of Josey's affidavit. The plaintiff responded to the aforementioned defendants' motion to strike on February 1, 1995. On February 3, 1995, the aforementioned defendants filed a reply to plaintiff's response to its motion to strike. Defendant Brooks Machinery, Inc. ("Brooks"), filed a response on October 19, 1995, to Tyler and Tyler Machinery's motion to dismiss or in the alternative to transfer. On October 23, 1995, the plaintiff filed a reply to Brooks' response of October 19, 1995. On October 24, 1995, Tyler and Tyler Machinery filed a reply to Brooks' response of October 19, 1995. Also on October 24, 1995, Tyler and Tyler Machinery filed an objection to Burton's submission of additional evidence, namely the deposition of Brooks' President Burt Bradley ("Bradley"). On October 25, 1995, the plaintiff filed a response in opposition to Tyler and Tyler Machinery's objection to its submission of Bradley's deposition. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that Tyler and Tyler Machinery's motion to dismiss or, in the alternative, to transfer is due to be denied. The court further finds that Tyler and Tyler Machinery's motion to strike the affidavit of Josey is due to be denied and its objection to the submission of Bradley's deposition is due to be overruled.

Edward Burns Parker, II, R. Sean McEvoy, Montgomery, AL, for plaintiff.

Richard A. Ball, Jr., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is now before the court on the motion of defendants' Tyler Machinery Co., Inc. ("Tyler Machinery"), and Dave Tyler ("Tyler") filed on November 30, 1994, to dismiss or in the alternative to transfer the above-styled case. The plaintiff responded with a brief in opposition on January 9, 1995, supported in part by an affidavit of J. Howard Josey, Jr. ("Josey"). On January 10,

## FACTS

This is a contract dispute involving three parties. Burton Woodworks, Inc. ("Burton"), purchased a band saw through a local distributor, Brooks. The band saw at issue was manufactured by Tyler Machinery. Tyler Machinery made its sale of the band saw through Brooks. Brooks received a commission on the subsequent sale of the band saw to Burton. This dispute arose because Tyler Machinery failed to deliver the band saw in a timely manner, and, when it finally did deliver the band saw, it failed to work properly.

Both Tyler and Tyler Machinery claim that the court does not have personal jurisdiction over them because they have not had sufficient contacts with the state of Alabama to satisfy the requirements of due process.

Second, Tyler and Tyler Machinery contend that, even if the court has personal jurisdiction over them, the contract at issue contained a binding choice-of-forum clause which should compel the court to transfer this action to Indiana.

## DISCUSSION

### *Motion to Dismiss*

■ Tyler and Tyler Machinery first contend that the court should dismiss the plaintiff's action because the court does not have personal jurisdiction over them. In a diversity action, a district court must use a two-part analysis to determine whether it can exercise personal jurisdiction over a non-resident defendant. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990). First, a court must determine whether the long-arm statute of the forum state provides for personal jurisdiction over the defendant. *Id.* If this prong is satisfied, a court must then determine whether sufficient minimum contacts exist between the non-resident defendant and the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment. *Id.*

■ According to Rule 4.2(a)(2)(I) of the Alabama Rules of Civil Procedure,

A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's ... having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action.

The Supreme Court of Alabama has held that jurisdiction under the Alabama long-arm statute "extends to the permissible limits of due process." *Ex Parte Paul Maclean Land Services, Inc.,* 613 So.2d 1284, 1286 (Ala. 1993). Thus, it is clear that the Alabama long-arm statute provides the court with jurisdiction as long as the requirements of due process are met.

■ According to the Eleventh Circuit, the second prong of the test is satisfied if the plaintiff can show two things: (1) that the defendant had sufficient minimum contacts with the forum state and (2) that "mainte-

nance of the suit [would] not offend traditional notions of fair play and substantial justice." *Madara,* 916 F.2d at 1515–1516 (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted)). The Court has sometimes characterized the due process prong of the test as one of foreseeability, namely that "the defendant's conduct and connection with the forum state [must be] such that he [or she] should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). While entering into a contract with a party does not provide sufficient minimum contacts to allow that party to bring a lawsuit in the party's home state, the Court has recognized that "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" should be considered when deciding whether jurisdiction should be exercised. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (1985).

Tyler and Tyler Machinery argue that they should not be subjected to the jurisdiction of this court because the initial contact with Burton to sell Burton the band saw was made by Brooks. However, it is apparent that Tyler could "reasonably anticipate" being sued in an Alabama court when considering the circumstances surrounding the sale of the band saw.

At the outset, the court finds that the deposition of Burt Bradley, President of Brooks, taken on October 6, 1995, should be considered by the court because it was not unreasonable for the plaintiff to submit this additional evidence when it became available. Furthermore, the information that the plaintiff relies on from the deposition raises no new issues for the court to consider, but only serves to reinforce the plaintiff's earlier arguments.

Several contacts between Tyler and Tyler Machinery and the state of Alabama militate in favor of the court exercising personal jurisdiction over Tyler and Tyler Machinery. First, although Tyler and Tyler Company did

not make the initial contact with Burton, Brooks was acting as an authorized representative for Tyler when it made its initial contact with Burton. According to the deposition of Burt Bradley, the President of Brooks, Brooks marketed the new band saw at Burton's place of business in Montgomery, Alabama, as an authorized dealer, distributor, and manufacturing representative for Tyler's Company. Bradley's Dep. at 10, 16, 20, 25, 77, 80, 86.

More importantly, Tyler and Tyler Machinery subsequently sent a sales proposal from Warsaw, Indiana, directly to Burton in Montgomery, Alabama, in which Tyler stated that "we are pleased to submit our proposal for your consideration." Tyler's Letter of July 23, 1992, to Burton (emphasis added). The letter from Tyler and Tyler Machinery also invited Burton "to contact us" if it had any questions and indicated that "we would be pleased to accept your [Burton's] order for one of these innovative, new stair-stringer band saws at this time." *Id.* (emphasis added).

Furthermore, following delivery of the band saw, Tyler Machinery sent its own engineers and maintenance personnel from Indiana to the plaintiff's place of business in Montgomery, Alabama, to test the machine and help install it. Moreover, when the band saw failed to operate properly, Tyler Machinery sent representatives to Montgomery three more times to attempt to correct the problem. In fact, Tyler and Tyler Machinery sent a letter directly to Burton in Montgomery on May 19, 1995, apologizing for the inconvenience of providing an inadequate product and explaining that he wanted to "avoid imminent litigation." Tyler's letter of May 19, 1994 to Burton.

Based on the foregoing direct course of dealing between Burton and Tyler and Tyler Machinery concerning the band saw, the court finds that defendants Tyler and Tyler Machinery could reasonably anticipate being haled into court in Alabama when it failed to deliver the band saw in accordance with the terms of the contract. Furthermore, the court believes that it would not be unfair or unjust to exercise personal jurisdiction over them. Therefore, the court finds that it has personal jurisdiction over Tyler and Tyler Machinery and that Tyler and Tyler Machinery's motion to dismiss is due to be denied.

**Motion to Transfer**

Defendants' Tyler and Tyler Machinery next argue that even if the court has personal jurisdiction over them, this case should be transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). Specifically, they ask the court to find that the contract at issue incorporated a choice-of-forum clause that designates Indiana as the proper venue for any actions arising out of the agreement.

■ Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and to further the interests of justice; however, if the forum chosen by the plaintiff is in the district in which he or she resides, then the court should accord great deference to the plaintiff's choice of forum. *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989). Nevertheless, if the plaintiff has entered an agreement that contains a choice-of-forum clause designating a forum other than the one in which the plaintiff has brought the action, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id.*

Burton contends that it is not bound by the choice-of-forum clause contained in the contract proposal submitted by Tyler and Tyler Machinery to Burton on July 23, 1992, because Burton never signed this proposal. Burton asserts that, although it eventually purchased the band saw offered in the original sales proposal, the ultimate terms of the agreement to buy the band saw were made with Brooks without any reference to a choice-of-forum clause nearly a year after it had received the original sales proposal.

■ Before the court can decide the motion to transfer, it must first determine whether portions of the affidavit of Josey, President of Burton, should be stricken. Specifically, Tyler and Tyler Machinery argue that Burton should be estopped from denying that the choice of forum clause ap-

plies to them because Burton originally brought a breach of contract action against Tyler and Tyler Company in Count V of its complaint, and is now alleging that it had no contract with Tyler. The court acknowledges that it was unclear whether Tyler and Tyler Machinery were being sued for breach of contract in the original complaint because Count V merely referred to "the Defendants" rather than to the specific parties; however, it is clear that the plaintiff clarified its intent by amending its complaint and specifically naming the defendants against whom it was bringing the breach-of-contract claim. Furthermore, the complaint does not allege that the plaintiff ever had a contract with Tyler or Tyler Machinery. Finally, Josey's affidavit of January 26, 1995, indicates that Burton intended to sue only Brooks and Brooks' employees under the breach-of-contract claim. Josey's Aff. of Jan. 26, 1995, at 1. Therefore the court finds that the breach of contract claim in the original complaint did not apply to Tyler and Tyler Machinery. Consequently, the court rejects Tyler and Tyler Machinery's estoppel argument and finds that Josey's entire affidavit should be considered.

■ In his affidavit, Josey notes that the sales proposal sent to Burton by Tyler and Tyler Machinery's on July 23, 1992, provides that "we would be pleased to accept your [Burton's] order for one of these innovative, new stair-stringer band saws at this time." *Id.* at 2. Josey emphasizes that Burton never signed nor accepted this sales proposal. *Id.* In fact, Josey testifies that the only document that Burton ever signed for the purchase of the band saw was a purchase order with *Brooks* on June 3, 1993, which contained different terms than the sales proposal sent to Burton by Tyler and Tyler Machinery. *Id.* (emphasis added). Brooks' sales order of June 3, 1993, contained a different purchase price and a different time frame for delivery from that of Tyler's sales order of July 23, 1992. Josey further testifies in his deposition that he never received any form documents from Tyler and Tyler Machinery that contained a "choice-of-forum" clause. *Id.*

Bradley's deposition supports Josey's position. Bradley also notes that the original proposal made by Tyler directly to Burton was never accepted by Burton. Bradley's Dep. at 25. Furthermore, Bradley states that the only boilerplate attachments from Tyler and Tyler Machinery's original proposal that Brooks included in its sales order to Burton on June 3, 1993, were a couple of pages that provided specifications of the band saw. *Id.* at 50–51. Finally, Bradley states that "Burton bought the machine from Brooks based on our [Brooks'] sales order and our terms and conditions" and that Brooks did not attach any "choice of forum" clauses to its sales order of June, 3, 1993. *Id.* at 83–84.

Further evidence in support of Josey's contention can be found in Tyler Machinery's own sales order and accompanying letter of June 25, 1993, from Tyler Machinery to Brooks' President Burt Bradley. In this sales order and letter, it is clear that the order for the band saw was placed by Rick Jones, an agent of Brooks, and further, that the band saw was sold to Brooks, not to Burton. Moreover, Brooks paid less for the band saw in its contract with Tyler than did Burton in its contract with Brooks. *Id.* at 65–78.

■ Based on the forgoing evidence, the court finds that the choice-of-forum clause contained in the original sales proposal made to Burton by Tyler and Tyler Machinery does not apply to Burton's agreement with Brooks made nearly a year later. Therefore, the court must determine whether the plaintiff's choice of forum in Alabama should be denied based upon the factors enumerated in 28 U.S.C. § 1404(a). It is undisputed that Burton's place of business is in Alabama, its employees who have had contact with the band saw are also located in Alabama. Furthermore, if the court transferred this case to Indiana, Burton would be required to incur additional costs of transporting witnesses and evidence and employing out-of-state counsel. Based on these reasons, the court finds that this case should not be transferred to Indiana.

## ORDER

Accordingly, it is CONSIDERED and ORDERED that the motion of defendants Tyler and Tyler Company to dismiss or, in the alternative, to transfer be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that the motion of defendants Tyler and Tyler Company to strike portions of Josey's affidavit be and the same is hereby DENIED, and its objection to the submission of Bradley's deposition be and the same is hereby OVERRULED.