**Eleanor Victoria SIZEMORE, Plaintiff,**

v.

**ABLE BODY TEMPORARY SERVICES, Defendant.**

**No. CIV.A. 97–A–929–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Nov. 18, 1997.

James P. Rea, Birmingham, AL, for plaintiff.

Charles A. Powell, J. Trent Scofield, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This matter comes before the court on Defendant Able Body Temporary Services' ("ABTS") Motion to Dismiss Or In The Alternative To Transfer filed on July 21, 1997. Plaintiff Eleanor Victoria Sizemore ("Sizemore") filed her complaint on June 16, 1997 alleging ABTS violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Therefore, the court has subject matter jurisdiction pursuant to 42 U.S.C. § 1331.

### II. PROCEDURAL HISTORY AND FACTS

On February 15, 1996, Sizemore and ABTS entered into an Employment Agreement. See Employment Agreement, Exhibit 1 to Defendant's Motion. The Employment Agreement provides in relevant part:

14. *Governing Law:* This Agreement shall be governed in all respects by the laws of the state of Florida, and the parties further agree that venue shall lie exclusively in Pinellas County, Florida in any action arising hereunder including, without limitation, any action for unpaid wages, benefits, enforcement of the covenants not to disclose or compete, or any other cause of action between the parties not specifically mentioned herein.

Employment Agreement at p. 5, ¶ 14. Sizemore alleges that she was employed at ABTS's Dothan, Alabama facility for eight months before she was terminated on April 29, 1996. Complaint ¶ 6. Sizemore further alleges that ABTS discriminated against her on the basis of her gender with respect to pay, promotions, job assignments, and other terms and conditions of employment. Complaint ¶ 7, 12. She also claims that ABTS retaliated against her after she filed her EEOC charge to secure her rights under the law. Complaint ¶ 13. Sizemore filed this action in the United States District Court for the Middle District of Alabama on June 16, 1997 seeking various equitable and legal remedies. Complaint ¶ 14, IV Prayer for Relief. Pursuant to Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1404(a) and 1406(a), ABTS moves to dismiss this action or transfer venue to the United States District Court for the Middle District of Florida on the basis of the quoted section of the Employment Agreement.

### III. DISCUSSION

#### A. Motion To Dismiss For Failure to Exhaust Administrative Remedies under Florida law.

ABTS moves to dismiss this action on the grounds that Sizemore failed to exhaust the administrative remedies required under the Florida Civil Rights Act, Fla. Stat. Ann. § 760.01 *et seq.* Florida's Civil Rights Act is the state's analog to the federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Proceeding under Title VII of the federal statute requires a prior filing of an EEOC charge. Plaintiffs pursuing remedies under the Florida Civil Rights Act may file a complaint initially with the Florida Commission on Human Relations. Fla. Stat. Ann. § 760.11. However, Title VII claimants are not required to first file with the Florida Commission. *See Blount v. Sterling Healthcare Group, Inc.,* 934 F.Supp. 1365 (1996). As an initial matter, the court finds that failure to follow Florida's state administra-

tive scheme may bar any potential state claim there, but such failure has no impact on Sizemore's federal claim under Title VII.

■ The heart of ABTS's argument supporting dismissal, however, is that Sizemore contractually agreed to litigate all employment disputes pursuant to Florida law, and thereby implicitly waived her Title VII claim. The contract states that "This Agreement shall be governed in all respects by the laws of the State of Florida ..." The Employment Agreement sets out various terms and conditions of employment. See Employment Agreement. ABTS asserts that the quoted language mandates that all employment-related disputes arising between the parties be governed under Florida law, and since Florida has adopted a comprehensive employment discrimination law, Sizemore is limited to redress under the state antidiscrimination laws. ABTS argues that Sizemore implicitly waived her right to proceed under Title VII. The court finds that the contract provision is not broad enough to embrace wholesale waiver of federally created remedies.

The contract does not address the entire employer-employee relationship or the employer's duty of nondiscrimination. Sizemore is not contesting any substantive provision in the Agreement. Sizemore's allegations of discrimination arise under Title VII and are extra-contractual. ABTS's waiver argument is not supported by the applicable contract provision. Therefore, ABTS's Motion to Dismiss is due to be denied because Sizemore did not forego her rights to proceed under Title VII.

## B. Motion To Transfer Venue

■ As an alternative to its Motion to Dismiss, ABTS seeks to transfer venue to the Middle District of Florida. Sizemore filed this action in the U.S. District Court for the Middle District of Alabama. There are four proper venues for Title VII actions: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practices are maintained and adminis-

tered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful practice; and (4) if the respondent is not found within any such district (1,2, or 3), the judicial district in which the respondent has his principal place of business. 42 U.S.C. § 2000e–5(f).

■ Sizemore contends that venue is proper in the Middle District of Alabama based on (1) and (3) above. First, the alleged unlawful practice occurred in Dothan, Alabama where she was employed. Secondly, but for the alleged unlawful practice, Sizemore contends she would have continued working in Dothan. Under (1) and (3), the Middle District of Alabama wherein Dothan lies, is a proper venue.

Defendant correctly argues that based on above-stated provision (2), venue is *also* proper in the Middle District of Florida, where ABTS's personnel records are located. Generally, transfer of venue is not warranted simply because another proper venue exists. Federal courts traditionally accord a plaintiff's choice of forum considerable weight. *See In Re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989) (citing *Gulf Oil Corp. v. Gilbert* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Consequently, in the usual case, in order to transfer venue when the plaintiff's chosen venue is proper, the defendant has the burden of demonstrating that the action should be transferred in the interests of convenience and justice.[1] *Id.,* see 28 U.S.C. § 1404(a).

However, when the parties have entered into a contract containing a valid, reasonable choice of forum provision, the burden of persuasion is altered. *In Re Ricoh Corp.,* 870 F.2d at 573. In such cases, the plaintiff bears the burden of demonstrating that the filing forum should be retained in the interests of convenience and justice. *Id.* ABTS contends that, in this case, the parties contractually agreed that venue would lie in Pinellas County for "any other cause of action between the parties hereto not specifically mentioned [in the Employment Agreement.]" See Employment Agreement at p.

---

1. Section 1406(a) is inapplicable to the transfer of venue analysis. That section only applies when the filing venue is improper. The court finds that under Title VII's venue provision, ven-

ue is proper. Section 1404(a) is sufficiently broad to control the forum-selection issue. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988).

5, ¶ 14. ABTS contends that this clause applies to any cause of action involving the employment relationship and that, therefore, the present Title VII action should be transferred to the U.S. District Court for the Middle District of Florida, wherein Pinellas County lies.

The court finds that the venue selection clause does not contemplate extra-contractual or federal causes of action. The clause specifies certain state claims which are amenable to the venue provision. While the list is not exclusive, the contract specifies that all actions for unpaid wages, benefits, and enforcement of the covenants not to disclose or compete would be litigated in Pinellas County. *Id.* Pursuant to the contract, venue would lie in Pinellas County, Florida for all claims, such as those listed, which arise under the contract. However, since the provision lists only claims arising under the contract as examples, it is unlikely that Sizemore intended litigating claims arising outside the contract, such as the present Title VII claim, only in Pinellas County, Florida.

Moreover, it is just as unlikely that ABTS contemplated litigating federal claims, such as the present Title VII action in the preselected venue. The clear wording of the clause points to the state court of that county. Here the provision states that "venue shall lie exclusively in Pinellas County, Florida ..." The venue provision fails to specify any federal district and ABTS has not argued that this case should be dismissed so that Sizemore can file her claim in state court. The clause at issue is similar to the forum selection clauses at issue in *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir.1992) and in *Intermountain Sys., Inc. v. Edsall Constr. Co.,* 575 F.Supp. 1195, 1198 (D.Colo.1983). Both cases involved clauses worded similarly to the clause in the present case.[2] The district court in *Intermountain Sys.,* rejected the contention that such a "precise and mandatory" clause could be interpreted to refer to both the state court of Adams County and the federal district court for the District of Colorado. *Intermountain Sys.,* 575 F.Supp. at 1198. The

language of the present clause is even more compelling and leads to the same conclusion because the clause calls for venue *exclusively* in Pinellas County. This court takes judicial notice of the fact that, while Pinellas County is in the Middle District of Florida, the United States District Court does not sit in Pinellas County. Because the clause fails to specify any federal venue, it is unlikely that claims arising under federal antidiscrimination laws were contemplated when the parties entered into the Agreement.

Furthermore, the language of the clause limits its application to actions arising under the Agreement. ABTS's contention that the reference to "any other cause of action not specifically mentioned herein" applies to any claim relating to the employment relationship would distort the plain language of the clause. When those words are read in context, it is clear that they refer to the earlier words "in any action arising hereunder." Otherwise there would have been an "or" preceding the last example of a specific action arising under the Agreement, making the clause read, "... venue shall lie exclusively in Pinellas County, Florida in any action arising hereunder including, without limitation, any action for unpaid wages, benefits, or enforcement of the covenants not to disclose or compete, or any other cause of action between the parties not specifically mentioned herein." Therefore, ABTS's Motion to Transfer is due to be denied because the venue selection clause in the contract contemplated neither extra-contractual nor federal claims.

## IV. CONCLUSION

For the above stated reasons, Defendant ABTS's Motion to Dismiss Or In the Alternative To Transfer is hereby DENIED. It is so ordered.

Defendant is to file its Answer by November 26, 1997.

---

2. The clause in *Milk 'N' More* provided that "venue shall be proper under this agreement in Johnson County, Kansas." *See Milk 'N' More,* 963 F.2d at 1346. The clause in *Intermountain Sys.* provides that "venue shall lie in Adams County, Colorado." *Intermountain Sys.,* 575 F.Supp. at 1198.