Craig H. KELLING, Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.

Case No. 6:13–cv–826–Orl–22DAB.

United States District Court, M.D. Florida, Orlando Division.

Aug. 6, 2013.

Alicia Paulino–Grisham, Maggie M. Smith, Di Law Group, Hollywood, FL, for Plaintiff.

Jeannine Cline Jacobson, Sedgwick, LLP, Ft. Lauderdale, FL, for Defendant.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on Defendant Hartford Life and Accident Insurance Company's ("Defendant") Motion to Transfer to the Western District of Wisconsin (Doc. No. 10). Plaintiff Craig H. Kelling ("Plaintiff") filed a Memorandum in Opposition (Doc. No. 11) to the Motion. For the following reasons, the Motion is due to be denied.

## I. BACKGROUND

Plaintiff seeks a declaratory judgment to enforce his rights under a disability plan and clarify his entitlement to plan benefits via the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Specifi-

cally, Plaintiff requests that this Court declare that (1) Plaintiff is disabled as defined in the relevant disability plan; (2) Defendant is obligated to pay continuing disability benefits to Plaintiff in addition to reimbursing Plaintiff all benefits in arrears; and (3) Plaintiff is entitled to recoup all interest, costs, and attorney's fees he is due. Plaintiff also requests a judgment providing the declared relief outlined above.

Plaintiff resides in Chippewa Falls, Wisconsin, where he worked for National Specialty Hospitals. He has lived in Wisconsin at all times material to this lawsuit, from when Defendant initially awarded him disability benefits all the way through the termination of his benefits and the subsequent appeals process. Curiously, Plaintiff opted to file this action to recover benefits not in Wisconsin, where he lives, worked, and received treatment for his disability, but in Orlando, Florida, more than a thousand miles away. Defendant, a major insurer with a national presence, is headquartered in Connecticut with no substantial ties to Wisconsin. Nevertheless, Defendant moves to transfer this case from the Middle District of Florida to the Western District of Wisconsin, although "Hartford does not contend that Wisconsin is any more convenient for Hartford in this case" than Florida. (Mot. Transfer 10.) To summarize, Plaintiff opted to file suit nowhere near his home for no particular reason at all,[1] and Defendant is seeking to transfer the suit back to Plaintiff's home district despite a) admitting that it is indifferent between the two venues and b) recognizing that Plaintiff could have filed suit in Wisconsin from the beginning.[2]

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Eleventh Circuit has identified nine factors relevant to the court's decision to transfer a case:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005) (citation omitted). The movant bears the burden of establishing that the suggested alternate forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989). The overarching purpose of § 1404 "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) (citation and quotation marks omitted).

## III. ANALYSIS

In accordance with the interests of justice, to maximize judicial efficiency, and to

---

1. Both parties discuss the existence of a claims office in this district; however, Defendant emphasizes that personnel in that office had little direct involvement, and no decision making role, in Plaintiff's claim, termination, and appeal.

2. The Court is aware that Plaintiff's counsel, a small firm, is located in Florida.

eliminate unnecessary delay and expense for the parties, the Court will deny the Motion.

## A. The Action Could Have Been Brought in Wisconsin

█] Transfer is inappropriate if the case could not have been filed in the proposed transferee district. "An action might have been brought in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Windmere Corp. v. Remington Prods., Inc.*, 617 F.Supp. 8, 10 (S.D.Fla.1985) (citation omitted). The Western District of Wisconsin would have had jurisdiction over the action because it arises under federal law. 28 U.S.C. § 1331. Defendant is amenable to process in that district because it conducts business activities there and has been haled into court on prior occasions in that district. ERISA's venue statute is quite broad, allowing a private litigant to sue in any district in which "a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). It is apparent, as the parties seem to recognize, that this action could have been brought in the proposed transferee district.

## B. Public and Private Factors

█ The procedural posture of an ERISA claim for benefits after administrative appeal reduces the number of factors to consider upon a motion to transfer.[3]

The parties agree that this case is likely to be decided under a deferential standard, in which the Court determines whether the administrator acted in an arbitrary and capricious manner in terminating Plaintiff's benefits. Under those circumstances, the evidence will be limited to the administrative record, and discovery pertaining to the merits of a claim determination will be prohibited.[4] Convenience to witnesses, location of documents, and availability of process to compel the attendance of unwilling witnesses are of little moment.

The remaining factors include the convenience of the parties, the locus of operative facts, the weight accorded to Plaintiff's choice of forum, and trial efficiency and the interests of justice. Because this case resembles an appeal more than a triable action, the convenience of the parties is not of any great weight. In any event, Defendant admitted that transferring the action to Wisconsin would not be any more convenient, and Plaintiff has already passed on the option to file in his home district. The locus of operative facts is not clear-cut, either; although it is obvious that this district is not it, a compelling case could be made for Connecticut, California, or Minnesota in addition to Wisconsin.[5] Defendant notes that this Court sits in one of the busiest districts in the nation, with the sixth-most pending cases as of March 2012. (Mot. Transfer Ex. 3.) While the Court appreciates recognition of its rigorous docket, the undersigned is pleased to note (especially in her capacity as Chief Judge)

---

3. The parties agree that the relative means of the parties and the forum's familiarity with the governing law are neutral factors.

4. The parties recognize that this case is likely to be decided on summary judgment, so no witnesses will be required to travel for trial. This Court has previously discussed the issue. *See Crume v. Metropolitan Life Ins. Co.*, 417 F.Supp.2d 1258, 1273 (M.D.Fla.2006) (ex-

plaining that summary judgment in favor of one party is typically the last step of an ERISA benefits case at the district court level).

5. Defendant allegedly decided to terminate the benefits in California, processed and denied the appeal in Connecticut, and conducted a key employability analysis in Minnesota.

that this district ranked third in the nation in the number of cases closed between March 2011 and March 2012. Regardless, the Court's workload is not dispositive of this Motion. Thus, the Court is left with awarding some deference to Plaintiff's (admittedly unexpected) decision to file in this district as the key factor weighing against transfer. Defendant has therefore failed to meet its burden as the movant.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Hartford Life and Accident Insurance Company's Motion to Transfer to the Western District of Wisconsin (Doc. No. 10), filed July 16, 2013, is **DENIED.**