[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**MAY 21, 2003**
**THOMAS K. KAHN**
**CLERK**

_____

No. 02-13488

_____

D. C. Docket No. 01-01458-CV-HGS-S

P & S BUSINESS MACHINES, INC.,

Plaintiff-Appellee,

versus

CANON USA, INC.,

Defendant-Appellant,

CANON COMPUTER SYSTEMS, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 21, 2003)

Before BLACK, RONEY and STAPLETON*, Circuit Judges.

PER CURIAM:

_____

*Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting by designation.

The issue on appeal is whether the district court erred in denying a defendant's motion to transfer this case pursuant to a contract forum selection clause because of alleged inconvenience to the plaintiff and allegations that the plaintiff could not afford to litigate in the forum designated by the contract. We reverse and remand with instructions to transfer to the Central District of California.

Plaintiff P & S Business Machines, Inc. ("P & S") is an Alabama corporation. Defendant Canon U.S.A., Inc. is a New York corporation, and Defendant Canon Computer Systems, Inc. was a California corporation that still maintains offices in California. Defendants are jointly referred to as "Canon." P & S and Canon entered into a contract in which Canon agreed to refer customers in a set geographic region to P & S, as an approved service facility for Canon products. On May 26, 1999, Canon sent P & S a letter expressing dissatisfaction with P & S and giving P & S time to improve. In reliance, P & S took action to increase customer satisfaction and asked Canon whether the deficiencies had been remedied. P & S alleged that Canon's May 26 letter was false in that Canon ceased referring customers to P & S as of May 26. P & S claims that Canon had a duty to disclose in the May 26 letter that Canon had terminated P & S's status as an authorized service facility and had ceased referral of customers.

P & S filed suit against Canon in Alabama circuit court, alleging causes of action for fraud and suppression. Canon removed the action to federal court based on diversity jurisdiction and filed a motion to transfer the case to the district court in California, pursuant to a forum selection clause in the agreement between the parties which provided that California law would apply and that suits between the parties should be brought within the state of California as follows:

> B. SERVICE FACILITY CONSENTS TO THE JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS SITUATED WITHIN THE STATE OF CALIFORNIA UPON SERVICE OF PROCESS MADE IN ACCORDANCE WITH THE STATUTES OF CALIFORNIA AND THE UNITED STATES. SERVICE FACILITY FURTHER AGREES THAT SUITS BETWEEN THE PARTIES UPON ANY AND ALL CAUSES OF ACTION, WHETHER OR NOT SUCH CAUSES OF ACTION HAVE RISEN UNDER THIS AGREEMENT AND REGARDLESS OF THE LEGAL THEORY UPON WHICH SUCH CAUSES OF ACTION ARE BASED, SHALL BE BROUGHT EXCLUSIVELY IN A STATE OR FEDERAL COURT SITUATED WITHIN THE STATE OF CALIFORNIA.

In considering Canon's motion to transfer this action to the Central District of California, the district court adopted the magistrate judge's report and recommendation that compared Canon and P & S's inconvenience in litigating in Alabama or California. The magistrate judge reasoned that "[t]he relative ability of the parties to bear the expense of changing the forum militates heavily in favor of plaintiff's choice of forum. Further, trial efficiency would best be served by leaving

this action in Alabama rather than transferring it to the Central District of California, where the court docket surely is more crowded." The magistrate judge noted that due to exhaustion of P & S's financial resources, transfer to California "would essentially end the litigation before the merits could even be addressed."

The following principles have been established for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection cause.

1. Forum selection clauses in contracts are enforceable in federal courts. *See e.g. M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28–29 (1988).

3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. *See In re Ricoh Corp.*, 870 F.2d at 573–74 (considering whether the clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress,

4

misrepresentation, or other misconduct in connection with the agreement to the forum selection clause).

5. Under Section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," with a choice of forum clause "a *significant* factor that figures *centrally* in the district court's calculus." *Stewart Org., Inc.*, 487 U.S. at 29 (emphasis added). "Thus, while other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d at 573.

6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen. *In re Ricoh Corp.*, 870 F.2d at 573.

7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. *See Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 n.11 (7th Cir. 1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1138–39 (6th Cir. 1991) (reasoning that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse

enforcement of a forum selection clause); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594–95 (1991) (rejecting the Court of Appeals' finding of fact on insufficient evidence that respondents were physically and financially incapable of litigating in the selected forum and enforcing the forum selection clause)*; Diaz Contracting, Inc. v. Nanco Contracting Corp.,* 817 F.2d 1047, 1052–53 (3d Cir.1987), *overruled on other grounds by Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3d Cir.1989) (concluding that the inability of the plaintiff to finance additional litigation in another forum was insufficient to prove unreasonableness).

8.   No case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid enforcement of a forum selection clause. Although docket congestion, if proven, may be an appropriate consideration in a § 1404 motion to transfer, case law does not suggest that docket congestion is, by itself, a dispositive factor. *See e.g. Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 882–83 (3rd Cir. 1995) (mandating transfer to venue specified in forum selection clause and noting, among other factors, there was no evidence of an appreciable difference in docket congestion between the two forums); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (including "difficulties that may

arise from congested dockets" among other factors a district court should consider in deciding a § 1404(a) motion to transfer).

Applying these principles to this case, it is readily apparent the district court should have transferred the case to California pursuant to an admittedly valid forum selection clause in the contract. There is no evidence that the contract at issue was not freely and fairly negotiated by experienced business professionals, nor has the plaintiff claimed that Canon engaged in fraud, duress, misrepresentation, or other misconduct in connection with the agreement. The considerations concerning the plaintiff's financial ability and the contrasting congestion in the two courts, even if established by a better record than the one in the district court, would not be reasons for failure to enforce the contract in this case under the established law.

The choice of a California venue is entirely reasonable given that Canon Computer Systems, Inc. was a California corporation and its headquarters and principal place of business were and are still located in California. Almost all of Canon's employees and former employees that had involvement with P & S during the relevant time period and would have information making them relevant witnesses in this case, either work or formerly worked at the headquarters in California. All of these present and former employees live in California. This suit simply does not

present the type of "exceptional" situation in which judicial enforcement of a contractual choice of forum clause would be improper.

REVERSED and REMANDED with instructions to transfer to the United States District Court for the Central District of California.