**MARCO FORWARDING CO.,
Third–Party Plaintiff,**

v.

**CONTINENTAL CASUALTY
COMPANY, Third–Party
Defendant.**

No. 04–60406–CIV.

United States District Court,
S.D. Florida.

Sept. 30, 2005.

William Edward Cassidy, Cassidy & Black, Miami, FL, for Third-Party Plaintiff.

Allan Richard Kelley, Fowler White Burnett, Miami, FL, for Third-Party Defendant.

## ORDER GRANTING CONTINENTAL CASUALTY COMPANY'S MOTION TO DISMISS

COHN, District Judge.

**THIS CAUSE** is before the Court on a Motion to Dismiss [DE 167] by Third–Party Defendant Continental Casualty Company ("Continental"). The Court has reviewed Continental's Motion, the Response [DE 190] by Third–Party Plaintiff Marco Forwarding Co. ("Marco Forwarding"). Continental's Reply [DE 188], the applicable law, and pertinent portions of the record and is otherwise duly advised in the premises.

### I. BACKGROUND

This matter stems from a maritime action involving a loss of cargo during shipment between Port Everglades, Florida, and Rio Haina. Dominican Republic. *See* Amended Complaint in Admiralty at ¶¶ 15–16 (Oct. 28, 2004) [DE 26]. The *in rem* defendants, Tug Elsbeth III and Barge 250–8, through its claimed owner

Latham C. Smith d/b/a Smith Maritime ("Smith Maritime"), filed a third-party complaint against Marco Forwarding. Claim of Owner, Answer to Amended Complaint and Affirmative Defenses of Tug Elsbeth III and Barge 250-8 and Third Party Complaint at 6-11 (Nov. 19, 2004) [DE 37]. Smith Maritime claimed that Marco Forwarding was responsible, through the omissions of its agents, for breaching its duty of care to ensure that the cargo was sufficiently loaded and lashed to the vessels. *Id.* at 9. Additionally. Smith Maritime claimed that Marco Forwarding breached its duty to secure cargo Insurance. *Id.* at 10.

Marco Forwarding then filed a third party complaint and alternative Rule 14(c) claim against Continental. Marco Forwarding Co.'s Answers to Rule 14(c) Claims, Cross Claim Against Odyssea Shipping and Third Party Complaint and Alternative Rule 14(c) Claim Against Continental Casualty Company at 10-14 (June 14, 2005) [DE 109]. Marco Forwarding claimed that Continental had issued an insurance policy and its failure to provide coverage for the loss had damaged Marco Forwarding. *Id.* at 13.

In the instant motion, Continental seeks to dismiss Marco Forwarding's third-party complaint based on improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Continental asserts that because of a forum selection clause in the alleged policy, Marco Forwarding can assert its third-party complaint only in Canadian courts under Canadian law.

Marco Forwarding argues that the forum selection clause is unenforceable for a number of reasons, including economic disparity between Marco Forwarding and Continental, the lack of negotiation over the clause, and the inconvenience of litigating this dispute in Canadian courts, especially after having litigated the underlying dispute in Florida.[1] *See* Marco Forwarding Co.'s Response and Memorandum of Law in Opposition to Continental Casualty Company's Motion to Dismiss (Sept. 19, 2005) [DE 190]. In particular, Marco Forwarding notes that Continental is the seventh largest commercial insurer in the United States with more than $62 billion in assets. *Id.* at 6. "MARCO FORWARDING, on the other hand, is but a local 'mom and pop' freight forwarder whose resources, experience and sophistication regarding insurance contracts, to say the least, pale in comparison." *Id.*

Continental counters, however, that Marco Forwarding "has been shipping goods in international commerce *for the past thirty years* and its insurance agent has been obtaining policies of marine insurance for thirty years." Reply of Fourth-Party Defendant Continental Casualty Company in Support of Its Motion to Dismiss the Fourth-Party Complaint at 7 (Sept. 19, 2005) [DE 188] (emphasis in original). Moreover, Continental argues, "[a]s a freight forwarder, Marco Forwarding deals with fine-print shipping documents, tariffs and insurance policies on a daily basis. Thus, it cannot seek refuge behind its mom and pop characterization." *Id.*

## II. DISCUSSION

 Motions to dismiss based on forum selection clauses are cognizable as

---

1. The parties to the underlying action notified the Court at Calender Call on September 22, 2005, that they had settled the matter. The Court awaits the parties' stipulation of dismissal, which is due on or before October 7, 2005. Civil Minutes (Sept. 22, 2005) [DE 193]. Because the Court severed this dispute between Marco Forwarding and Continental, Order Granting Third-Party Defendant Continental Casualty Company's Motion to Sever (Sept. 19, 2005) [DE 191], the other parties' settlement does not affect the dispute.

motions to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1290 (11th Cir.1998). When a valid forum selection clause exists, the party seeking to defeat the agreed upon venue "bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989).

■ A forum selection clause in an admiralty case may be overcome only by a clear showing that the clause is unreasonable under the circumstances. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Forum selection clauses are presumptively valid, and the burden of proving their unreasonableness is a heavy one. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. A forum selection clause may be unreasonable where: (1) incorporation of the clause was the product of fraud or overreaching: (2) a party will "for all practical purposes be deprived of his day in court" because of inconvenience or unfairness of the selected forum; (3) the unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state. *Shute,* 499 U.S. at 595, 111 S.Ct. 1522; *Bremen,* 407 U.S. at 12–13, 92 S.Ct. 1907. The

Eleventh Circuit recently reiterated these principles in *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807–08 (11th Cir.2003) (rejecting argument that financial difficulty of party in litigating in selected forum or congestion of docket in selected forum are sufficient grounds for refusal to enforce clause).

■ Marco Forwarding argues that the forum selection clause at issue in this case is unreasonable because of overreaching by Continental and because of the inconvenience involved in pursuing this matter in Canada, as opposed to the Southern District of Florida.[2] In evaluating these arguments, the Court applies federal law, as the primary objective of the alleged insurance contract was to provide coverage for goods being transported by seal rendering it a maritime contract, and the parties have not demonstrated any state interest to render the contract "inherently local." *Norfolk S. Ry., Co. v. Kirby,* 543 U.S. 14, 125 S.Ct. 385, 393–96, 160 L.Ed.2d 283 (2004); *see also Shute,* 499 U.S. at 590, 111 S.Ct. 1522 (holding that in admiralty case, "federal law governs the enforceability of the forum selection clause").

### A. Overreaching

■ Marco Forwarding argues that the forum selection clause in this case is the product of "undue influence and overweening bargaining power" on the part of Continental. Marco Forwarding Co.'s Re-

---

**2.** Additionally, Marco Forwarding argues that the insurance contract is domestic. not international, and therefore U.S. courts should govern the dispute. A forum selection clause " 'presumptively valid where the underlying transaction is fundamentally international in character.' " *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1295 (11th Cir.1998) (quoting *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1362 (2d Cir.1993)). By arguing that the instant contract was not interna-

tional, Marco Forwarding attempts to defeat this presumption. Even if Marco Forwarding could so defeat the presumption, the Court does not view a maritime insurance contract for an international shipment of goods as a "domestic" contract. Accordingly, the presumption applies and, pursuant to *Bremen,* Marco Forwarding bears a heavy burden to demonstrate that the clause is unreasonable under the circumstances.

sponse and Memorandum of Law in Opposition to Continental Casualty Company's Motion to Dismiss at 6 (Sept. 19, 2005) [DE 190]. Marco Forwarding notes that the clause was part of a contract of adhesion and was not vital to negotiations between the Marco Forwarding and Continental. *Id.*

■ As the Supreme Court of the United States held in *Shute,* a nonnegotiated forum selection clause in a form contract is not per se unenforceable. *Shute,* 499 U.S. at 593, 111 S.Ct. 1522. Such a form clause may serve several purposes, including clarifying the forum for disputes where a business operates in several different fora and "dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.* at 593–94, 111 S.Ct. 1522; *see also Sun Trust Bank v. Sun Int'l Hotels, Ltd.,* 184 F.Supp.2d 1246, 1259 (S.D.Fla.2001) ("A non-negotiated forum-selection clause is not invalid simply because it is contained on a pre-printed form."); *Goodman v. Hill–Rom Co., Inc.,* 1996 WL 685840, *3 (M.D.Fla.1996) (" 'It's my way or the highway' is not coercion; some would call it . . . 'free enterprise.' ").

■ Nevertheless, given parties' unequal bargaining power in form contracts, courts must determine "whether the terms of the clause [were] reasonably communicated to the consumer and are otherwise fundamentally fair." *Sun Trust Bank,* 184 F.Supp.2d at 1259. Courts have developed a two-part test of reasonable communicativeness, taking "into account both the physical characteristics of the contract itself, and also any extrinsic factors indicating the plaintiff's ability to become

meaningfully informed and to reject the contractual terms at stake." *Id.*

Here, Marco Forwarding has not provided the Court with any indication that the physical characteristics of the contract affected the communicativeness of the forum selection clause. Continental listed the clause in ¶ 12 under "General Conditions." Marco Forwarding Co.'s Answers to Rule 14(c) Claims, Cross Claim Against Odyssea Shipping and Third Party Complaint and Alternative Rule 14(c) Claim Against Continental Casualty Company, Exh. A at 7 (June 14, 2005) [DE 109]. The paragraph heading, in bold letters, states: "Jurisdiction." *Id.* The paragraph then provides:

> Notwithstanding anything contained in this policy, endorsements or attaching clauses, this insurance shall be subject to Canadian law and the exclusive jurisdiction of the Canadian Courts. Accordingly, the Law and Practice Clause of the Institute Clauses is hereby deleted.

*Id.* There is no reason to suspect that Continental worded the clause or placed it within the contract so as to deceive Marco Forwarding, and the wording is sufficiently clear to alert Marco Forwarding that disputes concerning the agreement would have to occur in Canadian courts. *See, e.g., Sun Trust Bank,* 184 F.Supp.2d at 1260 (holding forum selection clause reasonably communicative where forum selection clause was "set apart as a separate paragraph, in legible type" and was written in "sufficiently clear" language).

With respect to extrinsic factors, Marco Forwarding also fails to meet its burden of demonstrating that it lacked an opportunity to become meaningfully informed and to reject the terms of the clause. Although Marco Forwarding characterizes itself as a "mom and pop" freight forwarder, it has been in the business of international shipping for some thirty years. The Court does not find any reason to provide special

protection to Marco Forwarding as if it were an hapless and unsophisticated party to this contract. Moreover, there is scant legal support for Marco Forwarding's argument that a disparity in size weighs strongly in favor of holding a forum selection clause unenforceable. Federal law generally does not give much weight to such an argument, *see, e.g., Shute*, 499 U.S. at 593, 111 S.Ct. 1522 (holding forum selection clause enforceable even though parties lacked "bargaining parity"), especially where the party making the argument is attempting to enforce other provisions in the contract while disputing the forum selection clause, *see, e.g., Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1323–24 (S.D.Fla.2000).

The Court also notes that Marco Forwarding had had dealings with Continental in the past, including nine previous certificates of insurance for previous shipments. If Marco Forwarding neglected to read the contracts and failed to consider the ramifications of the forum selection clauses in each of them, it did so at its own peril. *See Sun Trust Bank*, 184 F.Supp.2d at 1260.

Accordingly, the Court holds that the forum selection clause here is not unenforceable because of overreaching by Continental.

## B. Inconvenience

Marco Forwarding argues that forcing it to litigate this dispute in Canadian courts would be unreasonable and unjust and therefore inconvenient and unfair under the second factor in *Bremen*. Marco Forwarding Co.'s Response and Memorandum of Law in Opposition to Continental Casualty Company's Motion to Dismiss at 7–10 (Sept. 19, 2005) [DE 190]. In judging whether the selected forum is reasonable and just, courts consider "the convenience of the selected forum, balance of economic power, nature of negotiations, and parties' financial condition." *Ortho–Med, Inc. v. Micro–Aire Surgical Instruments, Inc.*, 1993 WL 560528, *3 (M.D.Fla. 1993). "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir.2003) (per curiam). Moreover, as stated above, a plaintiff's burden in setting aside a forum selection clause is a heavy one. Even with a slight showing that each of the above factors weighs in favor of nonenforceability, courts still generally enforce the clause. *See, e.g., Ortho–Med*, 1993 WL 560528, *3 (holding clause enforceable despite inconvenience of forum for plaintiff, economic disparity, and nonnegotiability).

Here, Marco Forwarding has failed to meet its burden of demonstrating inconvenience. Although the dispute between Marco Forwarding and Continental stems from a complicated maritime action, it is generally a separate dispute over a contract and is not intimately tied to the underlying action. Therefore, Marco Forwarding would not be forced to relitigate the same issues should the Court grant Continental's Motion. And although the contract was executed in Florida between Marco Forwarding and Continental's agent and Florida would be a more convenient forum for Marco Forwarding, Florida would be inconvenient for Continental, which is located in Canada. There is an imbalance of economic power between Marco Forwarding and Continental, but both are business entities and either could have rejected the contract while they negotiated it. Finally, Marco Forwarding has submitted no specific evidence that its financial condition precludes litigation in Canada. Accordingly, the Court holds

that the selected forum is not so inconvenient that the forum selection clause is unreasonable or unjust.

### III. *CONCLUSION*

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Continental Casualty Company's Motion to Dismiss Marco Forwarding Co.'s Third–Party Complaint and Rule 14(c) Claim [DE 167] is **GRANTED** and Marco Forwarding Co.'s Third–Party Complaint [DE 109] is **DISMISSED without prejudice.** Marco Forwarding Co. may refile its claim in Canada.