**BP PRODUCTS NORTH AMERICA, INC., Plaintiff,**

v.

**CORAL PETROLEUM, INC., and Andrew Hrenick, Defendants.**

No. 06–80671 CIV.

United States District Court, S.D. Florida.

Oct. 4, 2006.

Moises Melendez and Paula Phillips, of Gordon, Hargrove & James, P.A., Ft. Lauderdale, for BP Products.

Michele A. Cavallaro, of Michele A. Cavallaro, P.A., Dania Beach, for Coral Petroleum and Andrew Hrenick.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MIDDLEBROOKS, District Judge.

This Cause comes before the Court on Defendants' Motion to Dismiss for Improper Venue (DE 9), filed August 1, 2006. The Court has reviewed the record and is fully advised in the premises.

### I. Background

On September 13, 1995, Plaintiff BP Products North America, Inc., ("BP") leased a gas station from Defendant Coral Petroleum ("Coral"). The parties executed a written lease ("Lease"). with a duration of 15 years, subject to cancellation by either party after the first three years. Plaintiff and Defendants also executed a lease rider ("Rider") as an addendum to the original lease. Pursuant to the terms of the lease, BP paid Coral a cash advance of $305,000. Under the Rider, BP was entitled to the return of this cash advance with interest if either party terminated the Lease prior to the fifteenth year, but the amount would be reduced by 6.67% for each year the Lease was in effect.

On December 14, 1995, Defendants secured repayment of the cash advance by way of a Promissory Note ("Note"). On the same day, Coral granted BP a Mortgage ("Mortgage") on the gas station as security for the amount due under the Lease. The Lease was terminated on or before February 28, 2005, after approximately nine of the possible 15–year term. As a result of this termination, BP is seek-

ing repayment of the balance of the cash advance.

The Note contains a forum selection clause, stating that any action or proceeding "arising out of or in any way relating to the Note or Mortgage (as the case may be) shall be brought exclusively in the State of Florida, before the Circuit Court in and for the County of West Palm Beach, Florida." (See Note, Def. Mot. Ex. A). Defendant Coral contends that this Court must remand the proceeding to state court, arguing that the forum selection clause controls BP's claims. BP argues that one of its claims is for breaching the Lease, which does not contain a forum selection clause, and therefore venue is proper in this Court.

## II. Analysis

■ Forum selection clauses in contracts are enforceable in federal courts. See e.g. M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Eleventh Circuit has noted that consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law. See P & S Business Machines, Inc., v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir.2003), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28–29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ However, for this analysis to apply, the claim in question must fall within a valid forum selection clause. The forum selection clause in the Note is valid, but BP is correct that its claim for breach of lease (Count I) does not fall within the purview of that clause. The exact language of the clause states that it covers any action or proceeding "arising out of or in any way relating to the Note or Mortgage." (See Note, Def. Mot. Ex. A, ¶ 14). There is no mention of the Lease between the parties in this clause.

■ Defendant argues that the "in any way relating to the Note" language is broad enough to cover disputes over the lease, but the Court declines to read the clause that broadly. Defendants provided no case supporting such a broad reading of a forum selection clause, and the Court could find none. To rule that the forum selection clause covers disputes over the Lease, the Court would have to find that the Lease incorporated the clause by reference. "A document may be incorporated by reference in a contract if the contract specifically describes the document and expresses the parties' intent to be bound by its terms." Salco Distribs. LLC v. iCode, Inc., 2006 WL 449156, 2006 U.S. Dist. LEXIS 9483 *12 (M.D.Fla.2006). This test is not met here. The Lease makes no mention of the Note, except to state that Defendant must secure a promissory note for repayment purposes. This falls far short of specifically describing the document and expressing an intent to be bound by its terms. Therefore, Plaintiff's claim for breach of lease (Count I) does not fall within the forum selection clause, and this claim is properly before this Court.

Having found that Plaintiff's Count I is properly before this Court, the Court will retain jurisdiction over the related claims (breach of Note "Count II" and breach of Mortgage "Count III") to promote judicial efficiency. While these two counts do fall within the forum selection clause, remanding only these two claims would waste judicial resources and raise the possibility of competing judgments. All three claims arise out of the same operative facts, and courts in this district have held that such claims should remain in one forum. See e.g. Woods v. Christensen Shipyards, Ltd., 2005 U.S. Dist. LEXIS 42994 *34–35 (S.D.Fla.2005) (finding that enforcement of forum selection clause would lead to "unreasonable" and "unjust" result of judicial

inefficiency and potentially competing judgments).

Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (DE 9) is DENIED.