[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14599
Non-Argument Calendar

_____

D. C. Docket No. 07-00364-CV-3-MCR-EMT

EMERALD GRANDE, INC.,
a Florida corporation,

                                                      Plaintiff-Appellee,

versus

CLATUS JUNKIN,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 24, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Clatus Junkin appeals an order of the district court granting the motion of Plaintiff-Appellant Emerald Grande, Inc. ("Emerald") to remand to state court based upon enforcement of a forum-selection clause. No reversible error has been shown;[1] we affirm.

Emerald, a condominium developer, entered into three contracts with Junkin. Two of the three contracts were for the purchase and sale of condominium units (the "Condominium Contracts"); one of the Condominium Contracts was only for a fractional ownership interest and, according to Junkin, was governed by the Florida Vacation Plan and Timesharing Act, Fla. Stat. Ann. § 721.01 et seq. ("Timeshare Act"). The third contract was for furnishings for one of the Condominium Contract units (the "Furnishing Contract"). Junkin canceled all three contracts before closing;[2] Emerald sued Junkin on the three contracts in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida. Junkin then removed the lawsuit to the federal district court for the northern district

_____

[1]The order of remand was not based on a lack of federal jurisdiction or defective removal procedure; appellate review of a remand order enforcing a forum-selection clause is not barred by 28 U.S.C. § 1447(d). See Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004).

[2]Junkin maintains that the Timeshare Act allowed him to cancel the purchase of the fractional interest in a condominium unit; and Junkin maintains further that the cancellation of the fractional interest contract canceled the other two contracts. Before us is the remand order; we do not consider the underlying contract claims.

of Florida.

The Condominium Contracts contain two separate clauses that address

forum selection. Article IX, Section Y, contained in each of the Condominium

Contracts, provides:

> [T]o the extent not prohibited by Article VIII, the Circuit
> and County Courts of the 1st Judicial Circuit, in and for
> Okaloosa County, Florida ("Okaloosa Courts") will be
> the venue for any dispute, proceeding, suit or legal action
> concerning the interpretation, construction, validity,
> enforcement, performance of, or related in any way to,
> this Contract or any other agreement or instrument
> executed in connection with this Contract. In the event
> any such suit or legal action is commenced by any party
> and is not otherwise prohibited by Article VIII, the other
> parties agree, consent and submit to the personal
> jurisdiction of the Okaloosa Courts with respect to such
> suit or legal action. In such event, each party waives any
> and all rights under applicable law or in equity to object
> to jurisdiction or venue of the Okaloosa Courts.

Article VIII of each of the Condominium Contracts, entitled

"Arbitration," provides:

> Any post-closing disputes between Purchaser and Seller
> relating to the purchase of the Unit, including the
> marketing, sale, design, construction, condition or
> conveyance of the Unit, shall be resolved exclusively
> through binding arbitration.
>
> . . .
>
> Nevertheless, in the event for any reason any litigation is
> filed other than to enforce the decision of the arbitration

3

> proceeding, the parties accept the jurisdiction of the
> State, Federal and local courts located in Okaloosa
> County, Florida as having exclusive jurisdiction over
> controversies arising from or relating to this Agreement
> and agree that Florida has sufficient contacts with the
> subject matter of this Agreement and agree that any
> litigation arising out of this Agreement will take place
> only in such courts, and both parties hereto consent to the
> personal jurisdiction of such courts and do hereby waive
> any objection to such courts based on the forum not
> being convenient or otherwise.

The Furnishings Contract contains language very similar to that in Article VIII of the Condominium Contracts; it includes no clause comparable to that of Article IX.

The district court determined that remand was due to be granted: Article VIII pertains solely to arbitration of post-closing disputes; and Article IX is a mandatory forum selection clause. Because the claims at issue in the lawsuit were not post-closing and were not subject to binding arbitration, the district court concluded Article VIII had no application and permitted no removal, especially in the light of the language in Article IX. We agree.

The enforcability of a forum-selection clause in a diversity jurisdiction case is governed by federal law; see P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003); and ordinary principles of contract interpretation apply. See Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004). A forum-selection clause may validly

and effectively waive the right to remove. See id. at 1272. When a contract contains a valid forum selection clause -- here, neither party argues invalidity -- courts typically classify the clause as permissive or mandatory. See Florida Polk County v. Prison Health Services, Inc., 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." Global Satellite, 378 F.3d at 1272 (internal quotation and citation omitted).

At issue is whether Article VIII applies to this suit and, if it applies, whether, in the light of Article IX, it allows Junkin to remove from the Okaloosa County state court where suit was filed to the federal district court serving Okaloosa County. Junkin's reliance on the language in Article VIII that provides for the exclusive jurisdiction of the state, federal and local courts in Okaloosa County over controversies arising from or relating to the Purchase Contracts is wrenched out of context: the context makes clear that the jurisdiction provisions of Article VIII relate to post-closing arbitrable disputes. Reading the Purchase Contracts in their entirety, we agree with the district court that Article VIII has no application: its application is limited to post-closing disputes and it mandates binding arbitration of those disputes.

5

But even if we were to accept Junkin's argument that Article VIII has application to a pre-closing non-arbitrable dispute, we again agree with the district court that Article IX is a mandatory forum selection clause. Unless prohibited by Article VIII -- which this suit is not -- Article IX mandates that the "Okaloosa Courts" "will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to this Contract or any other agreement or instrument executed in connection with this Contract." And Article IX provides further that "each party waives any and all rights ... to object to jurisdiction or venue of the Okaloosa Courts." In contrast, the language in Article VIII is permissive: it mandates no specific forum. Article VIII is a general consent to personal jurisdiction.[3]

Junkin makes much of the absence of a clause equivalent to Article IX in the Furnishings Contract. Because the Furnishings Contract does have a forum selection clause that tracks Article VIII, and because Emerald was also seeking specific performance of that agreement, Junkin argues that removal must be proper for claims arising under the Furnishing Contract. But the Purchase Contracts and Furnishing Contract were executed together and should be read together. See

---

[3]And, as also noted by the district court, the forum mandated in Article IX is included within the courts listed in Article VIII.

6

<u>Hopfenspirger v. West</u>, 949 So.2d 1050, 1053 (Fla.Dist.Ct.App. 2006). And Article IX of the Condominium Contracts selects the Okaloosa Courts as the venue for disputes related to the Condominium Contracts or "any other agreement or instrument executed in connection" with the Condominium Contracts.

Remand of all claims relating to the Condominium Contracts and the Furnishings Contract is due to be affirmed.

AFFIRMED.