Melissa LOEFFELHOLZ, Plaintiff,

v.

ASCENSION HEALTH, INC, Defendant.

Case No. 3:13–CV–1495–J–25JRK.

United States District Court, M.D. Florida, Jacksonville Division.

Signed June 25, 2014.

Thomas M. Farrell, IV, Law Offices of Thomas M. Farrell, IV, PA, Jacksonville, FL, for Plaintiff.

Edward M. Whelan, Gunster, Yoakley & Stewart, PA, Jacksonville, FL, Marcus C. Wilbers, Greensfelder, Hemker & Gale, PC, St. Louis, MO, for Defendant.

### ORDER

HENRY LEE ADAMS, JR., District Judge.

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss for Im-

proper Venue · or in the Alternative to Transfer Venue (Dkt. 7), its Memorandum in Support (Dkt. 8), Plaintiff's Response in Opposition thereto (Dkt. 12) and Defendant's Unopposed Motion for Leave to File a · Reply (Dkt. 15). Upon consideration, the Court finds as follows:

## I. Background

Plaintiff, a resident of St. Johns County, Florida, is a participant in a long-term disability Plan sponsored and administered by Defendant. Defendant is a non-profit corporation, incorporated in the state of Missouri, with its principal place of business in St. Louis, Missouri.

Plaintiff filed the instant suit on December 5, 2013, under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, to challenge Defendant's denial of her application to "buy up" long-term disability benefits under the Plan. (Complaint, Dkt. 1, p. 2). Plaintiff further alleges damages as Plaintiff has been denied payment of "buy-up" long-term disability benefits she would be entitled to under the terms of the Plan had Defendant not denied her application. At the time Plaintiff's application was denied, Ascension Health, Inc. (Ascension) was the Plan Administrator and Plan Sponsor for the Ascension Long–Term Disability Plan.[1] (LTD Plan). Defendant has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(3) or alternatively a transfer of venue pursuant to 28 U.S.C. § 1404(a).

## II. Standard

In *Atl. Marine Const. Co.*, the United States Supreme Court recently mandated the method a district court must utilize in analyzing a motion to transfer venue based on a valid form-selection clause. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* —— U.S. ——, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Const. Co., Inc.,* 134 S.Ct. at 579. "W hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 581. Further, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

Pursuant to 28 U.S.C. § 1404(a) "a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). Under ERISA, an action "brought in a district court of the United States, ... may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served ... where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

The enforceability of a forum selection clause in a case based on federal question is governed by federal law. *See Emerald Grande, Inc. v. Junkin,* 334 Fed. Appx. 973 (11th Cir.2009). Forum selection clauses are presumptively valid. *Krenkel v. Kerzner Intern. Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir.2009) (citations omitted). Moreover, "[f]orum selection clauses in any contract, including ERISA plans, are presumptively valid and should be enforced...." *In re Penn–Mont Benefit Services, Inc.,* 3:13–Bk–05986–

---

1. On January 1, 2014, Ascension Health Alliance, d/b/a Ascension became the LTD Plan Sponsor and the LTD Plan's name changed to "The Ascension Long–Term Disability Plan." (*See* Dkt. 8).

JAF, 2013 WL 6405046 at *11 (Bankr. M.D.Fla. December 6, 2013). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel,* 579 F.3d 1279, 1281 (11th Cir.2009) (citations omitted).

 Courts "frequently classify forum selection clauses as either permissive or mandatory." *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir.2004). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." *Emerald Grande, Inc. v. Junkin,* 334 Fed.Appx. 973, 975 (11th Cir.2009).

 "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Bus. Machines, Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807–08 (11th Cir.2003). Moreover, the economic disparity between the parties asserted in conjunction with a financial hardship is insufficient to refuse enforcement of a forum selection clause. *See id.*

 Although district courts would ordinarily "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice, ...' the calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"

*Atl. Marine Const. Co., Inc.,* 134 S.Ct. at 581. (citations omitted). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (citations omitted).

 "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiffs choice of forum merits no weight ..., as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 582. Second, the district court should not "consider arguments about the parties' private interests." *Id.* "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* A district court may only consider arguments regarding public-interest factors. *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."

### III. Analysis

 Plaintiff argues that the forum selection clause is unenforceable because: (1) enforcement would be unfair and unreasonable; (2) the choice of forum clause was not freely negotiated by or reasonably communicated to Plaintiff as Plaintiff did not participate in the negotiation process and Defendant retained the right to amend, alter or terminate the LTD Plan; (3) enforcement would "potentially" de-

prive future plaintiffs of their day in court and discourage legitimate claims because Plaintiffs chosen counsel may not be admitted pro hac vice by the District Court of the Eastern District of Missouri; (4) enforcement would contravene public policy and contravene the express intent of Congress; and (5) enforcement would violate due process because the Middle District of Florida is the sole venue that satisfies the due process minimum contacts requirement.

Conversely, Defendant argues that Plaintiff's Complaint should be dismissed for improper venue or alternatively transferred to the proper venue because: (1) the LTD Plan includes a mandatory forum selection clause that makes the United States District Court for the Eastern District of Missouri the exclusive venue for any claim "relating to or arising under" the LTD Plan; (2) the forum selection clause is valid and enforceable; (3) the forum selection clause is clear and unambiguous; (4) Plaintiff had notice of the forum selection clause as it was added to the LTD Plan by a permissive Amendment dated January 1, 2006; (5) Plaintiff cannot make a "strong showing" that the forum selection clause was the product of fraud or overreaching as Plaintiff failed to allege such; (6) almost every district court that has considered the validity of a forum selection clause in an ERISA Plan has found it enforceable; and (7) Congress has not expressly barred parties from agreeing to restrict ERISA's venue provision.

First, Plaintiff argues that enforcement of the forum selection clause would be unfair. The forum selection clause states:

"**10.20 Forum Selection Clause.** Except as the laws of the United States may otherwise require, any action by any Plan Participant of Beneficiary relating to or arising under the Plan shall be brought and resolved only in the U.S. District Court for the Eastern District of Missouri and in any courts in which appeals from such court are heard, and such court shall have personal jurisdiction over any Participant or Beneficiary named in such action."

(LTD Plan, First Amendment, Dkt. 8–3, p. 45). The Court finds that the forum selection clause in question constitutes a mandatory clause. *See Global Satellite Commc'n Co.*, 378 F.3d 1269; *Junkin*, 334 Fed.Appx. at 975. Notably, Plaintiff's Complaint does not allege that she was unaware of or did not receive the Amendment to the LTD Plan containing the forum selection clause. Instead, Plaintiff includes an argument that the forum selection clause was not in a bi-lateral contract and implies that the clause may not have been reasonably communicated to Plaintiff. The Eleventh Circuit has previously determined that by attempting to enforce a forum selection clause, a defendant is actually "trying to enforce the forum that the plaintiff had already chosen: the contractual venue." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989). The forum selection clause was included in an Amendment dated January 1, 2006. Further, Plaintiff failed to allege that she did not receive the Amendment and Plaintiff only became entitled to "buy-up" long-term disability benefits under the Plan as of November 1, 2012. Consequently, the Court finds that the forum selection clause was reasonably communicated to Plaintiff.

Generally, an employer negotiates with insurers for the long-term disability benefit plan that it will offer to its employees to facilitate the procurement of the best possible price for its employees. As this is the case here, employees do not participate in the negotiation process by design. Additionally, it is reasonable to conclude that Plaintiff ultimately benefitted in the form

of a reduced premium due to the savings to Defendant by limiting the forum a LTD Plan participant or beneficiary can file suit in. Further, to the extent that it applies here, the "freely negotiated" requirement espoused in *M/S Bremen* does not require that Plaintiff participate in the negotiations of the LTD Plan. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). In this case, Plaintiffs employer and the Defendant negotiated the terms of the LTD Plan and Plaintiff has failed to sufficiently allege facts that the forum selection clause is unfair or unreasonable, was induced by fraud, overreaching or was not "freely negotiated" by Plaintiff's employer and Defendant. *Krenkel*, 579 F.3d at 1281 (11th Cir.2009) (citations omitted).

Plaintiffs general argument that enforcement of the forum selection clause would "potentially" deprive future plaintiffs of their day in court and discourage legitimate claims based on the "possibility" of Plaintiff's chosen local counsel not being admitted in the forum designated in the forum selection clause is not well taken. Importantly, Plaintiffs entire argument concerns the ability of her current attorney to represent her or other "potential" plaintiffs in an action against Defendant. The "possibility" that Plaintiff may have to seek additional legal representation does not deprive Plaintiff of her day in court. Plaintiff's arguments are simply insufficient on these grounds.

Next, the Court is somewhat perplexed by Plaintiffs very misplaced argument regarding whether the District Court for the Eastern District of Missouri has personal jurisdiction over Plaintiff. The cases cited by Plaintiff and Plaintiff's general discussion of personal jurisdiction applies to a federal court's ability to exercise jurisdiction over a defendant.[2] Plaintiffs arguments are misplaced as the Defendant in this case solely seeks to enforce the forum selection clause contained within the January 1, 2006, First Amendment to the LTD Plan requiring that Plaintiff litigate her claims in the United States District Court for the Eastern District of Missouri.

Finally, Plaintiff's argument that enforcement of the forum selection clause would contravene public policy because it contravenes the express intent of Congress is egregiously misplaced. Specifically, Plaintiff cites the Eleventh Circuit's decision in *Gulf Life Insurance Company* as instructive on this premise. *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir. 1987). However, unlike the instant case, there was no forum selection clause in controversy in *Gulf Life Ins. Co. Id.* Further, instead of denying Plaintiffs claim, the fiduciary filed a "declaratory judgment action seeking to determine its liability for benefits claimed by a former employee who was a participant in the fiduciary-employer's ERISA-qualified employee benefit plan." *Id.* at 1522. The Eleventh Circuit determined that an ERISA plan's fiduciary could not avail itself of ERISA's liberal venue provision. *Id.* at 1525. Importantly, the Eleventh Circuit's discussion regarding Congress' intent focused solely on who Congress intended to have the authority to bring suit and therefore utilize ERISA's liberal venue provisions. *Id.* at 1524–25. The Court ultimately determined that only participants and beneficiaries could file an ERISA action under the stated subchapter. *Id.* at 1524. Conse-

**2.** Plaintiff cites to cases that deal with a Court's ability to assert jurisdiction over a Defendant. These cases include: (1) *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); (2) *J.*

*McIntyre Machinery, Ltd. v. Nicastro,* —— U.S. ——, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011); and (3) *Gulf Life Ins. Co. v. Arnold,* 809 F.2d 1520 (11th Cir.1987).

quently, Plaintiffs argument that the Eleventh Circuit's decision in *Gulf Life Ins. Co.* is instructive in this case is inapposite. *See Gulf Life Ins. Co. v. Arnold,* 809 F.2d 1520 (11th Cir.1987).

Forum selection clauses typically affect how the parties set monetary and other contractual terms and are likely a critical factor in the parties' decision to do business together. *Atl. Marine Const. Co., Inc.,* 134 S.Ct. at 583. The Court finds that Plaintiff has not met its burden of showing that public-interest factors overwhelmingly disfavor a transfer. *Id.* Additionally, extraordinary circumstances unrelated to the convenience of the parties do not exist to warrant denial of transfer. *Id.* at 581. Further, although Plaintiff did not personally negotiate the terms of the LTD Plan, Plaintiff admits that her employer did not have an obligation to offer the LTD Plan. (Dkt. 12, p. 2). Moreover, Plaintiff was not limited to the LTD Plan sponsored and administered by Defendant as participation was not mandatory and other external insurance companies offer individual long-term disability plans that Plaintiff was free to select. Ultimately, the Court finds that the forum selection clause within the LTD Plan is enforceable; therefore, this case shall be transferred to the United States District Court for the Eastern District of Missouri. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* — U.S. ——, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).

Accordingly, it is **ORDERED:**

1. Defendant's Unopposed Motion for Leave to File a Reply (Dkt. 15) is **DENIED.**

2. Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue (Dkt. 7) is **GRANTED in part.** Specifically, this case shall be transferred to the United States District Court for the Eastern District of Missouri.

3. The Clerk is directed to immediately transfer this case to the United States District Court for the Eastern District of Missouri and to close the file.