# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.

_____

No. 3D22-1333
Lower Tribunal No. 22-4145
_____

## Wello and Mom, LLC, etc.,

Appellant,

vs.

## Clear Spring Property and Casualty Company, etc.,

Appellee.



An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Martinez Morales, LLC, and Raul Morales, Angela Bousalis and Cristina Salem, for appellant.

The Goldman Maritime Law Group, Steven E. Goldman and Jacqueline L. Goldman (Fort Lauderdale), for appellee.


Before SCALES, MILLER and GORDO, JJ.

GORDO, J.

## ON MOTION FOR REHEARING

We deny Wello and Mom, LLC's ("Wello") motion for rehearing and for clarification, but withdraw our previous opinion, and substitute the following opinion in its stead.

Wello appeals an order granting Clear Spring Property and Casualty Company's ("Clear Spring") motion to dismiss the amended complaint. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's decision to enforce the plain and unambiguous language of the forum selection clause, we affirm.

This case arises out of a marine insurance policy issued by Clear Spring to Wello. After Wello's vessel partially sank, it submitted a claim for damages which Clear Spring allegedly denied due to—among other things—Wello's failure to disclose material facts in the insurance application concerning its prior loss history. In December 2021, Clear Spring filed a declaratory judgment action in the United States District Court for the Southern District of Florida, invoking the court's admiralty jurisdiction.[1] In March 2022, Wello sued Clear Spring in state court for denying its claim for damages sustained as a result of the partial sinking. Clear Spring filed a motion to dismiss arguing the state court action was filed in contravention of

---

[1] At the time this appeal was being litigated, Wello had already filed an answer, raised counterclaims and filed a motion for summary judgment in the federal action.

2

the policy's forum selection clause,[2] which requires that suits arising under the policy be subject to the exclusive jurisdiction of the federal courts. Following a hearing, the trial court granted Clear Spring's motion and dismissed Wello's amended complaint.  This appeal followed.

On appeal, Wello contends the trial court erred in dismissing the amended complaint because the policy's forum selection clause should be deemed unenforceable as it was not negotiated and deprived Wello of the right to a jury trial.  Contrary to Wello's arguments, an admiralty and maritime forum selection clause which is not the subject of negotiations often retains its enforceability.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991) (declining to adopt the view that a non-negotiated forum selection clause is "never enforceable simply because it is not the subject of bargaining").  Further, there is a well-entrenched rule of federal maritime law favoring the enforcement of forum selection clauses in maritime contracts, including policies of marine insurance.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) ("[Forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party

---

[2] The forum selection clause at issue provides: "It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides."

to be 'unreasonable' under the circumstances.") (footnote omitted); Shute, 499 U.S. at 585 (applying the rule set forth in The Bremen and enforcing a forum selection clause); Turner v. Costa Crociere S.p.A., 9 F.4th 1341, 1346 (11th Cir. 2021) (applying the rule set forth in The Bremen and enforcing a forum selection clause); Marco Forwarding Co. v. Continental Cas. Co., 430 F. Supp. 2d 1289, 1293 (S.D. Fla. 2005) (applying the rule set forth in The Bremen and enforcing a forum selection clause).  This presumption of validity applies notwithstanding Wello's assertion that it was deprived of the right to a jury trial.  See Leslie v. Carnival Corp., 22 So. 3d 561, 563 (Fla. 3d DCA 2008) (applying federal maritime law and enforcing a forum selection clause despite the plaintiffs' argument that the clause stripped them of their state constitutional right to a jury trial), aff'd by an equally divided court en banc, 22 So. 3d 567 (Fla. 3d DCA 2009).

We find no error in the trial court's decision that Wello has not satisfied the heavy burden under The Bremen. 407 U.S. at 10.  Wello has not shown that application of the forum selection clause at issue is unreasonable under the circumstances and so gravely difficult and inconvenient as to deprive Wello of its day in court.

Affirmed.

4